**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARQUIS DARGON,

    Petitioner,

v.                                                    CASE NO: 8:10-cv-1192-T-30MAP
                                                           Crim. Case No: 8:06-CR-349-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1) and Memorandum in support (Dkt. #2) filed on May 24, 2010, Respondent's response (Dkt. #6), and Petitioner's reply thereto (Dkt. #7). Having reviewed the pleadings, the transcript of the guilty plea and sentencing hearings, and the record, the Court determines that the petition should be denied.

### BACKGROUND

This case began with a one-count indictment filed on August 16, 2006, charging Petitioner, Marquis Dargon (hereinafter referred to as "Dargon" or "Petitioner"), and five others with conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 846 and 841(d)(1)(b)(ii). As to Dargon, the Government filed a notice of prior convictions pursuant to 21 U.S.C. § 851, which served as a basis to enhance Dargon's sentence as a career offender. (CR Dkt. #82)

Dargon pled guilty pursuant to a written plea agreement on November 22, 2006. The guilty plea was accepted by this Court on December 12, 2006. In February, 2007, Dargon filed a motion to compel the Government to allow him to cooperate or, in the alternative, to withdraw from his guilty plea. He contended he only pled guilty because the Government led him to believe that he would be allowed to cooperate.

After a hearing, this Court denied Dargon's motion to compel specific performance, but discharged Dargon's attorney and ordered the newly appointed defense counsel to make a determination as to whether the entry of the present guilty plea met the Rule 11 requirements. On November 1, 2007, newly appointed counsel filed a motion to withdraw Dargon's plea of guilty. The Court granted the motion.

On February 4, 2008, the Government filed a Notice of maximum penalty, elements of offense, personalization of elements and factual basis as to Dargon. Again, Dargon pled guilty, this time without the benefit of a written plea agreement. At his change of plea hearing on February 4, 2008, Dargon was specifically told by the Court that he had a right to a trial by a jury and that, at trial, the Government would have to prove his guilt beyond a reasonable doubt. Further, the elements of the offense that the Government would have to prove, and the facts that the Government claimed to be able to prove, were explained to him:

> THE COURT: Would the Government describe the nature of charges and the elements.
>
> MS. HOWARD-ALLEN: Yes, Your Honor. I think -- I think ECF filed this morning and gave your clerk a notice of the exception elements and factual basis. The essential elements of a violation of Title 21 U.S.C., Section 846, which is Count 1 of the indictment, are as follows: First, that two or more

persons in some way or manner came to a mutual understanding to try to accomplish a common and unlawful plan as charged in the indictment. Second, that the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and, third, that the object of the unlawful plan was to possess with intent to distribute more than 500 grams of cocaine.

Your Honor, for the factual basis, if the United States were to proceed to trial, it would prove the following facts and others beyond a reasonable doubt; and that is that the Defendant, Marquis Dargon, a/k/a Pig, conspired with Herbert Lacy, Byron McGlown, Eddie Traver, and others to possess with intent to distribute and to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine.

Herbert Lacy sold Marquis Dargon, a/k/a Pig, cocaine in I-25 or 125-gram quantities over a period of years. In a recorded telephone conversation on February 27th 2006, Dargon ordered a big, which is 4.5 ounces or 125 grams of cocaine. In another recorded telephone conversation with Herbert Lacy on February 27th, 2006, Dargon discusses the bad quality of cocaine he previously received and states that it tasted like cat hair.  A later call on February 28th confirms that Dargon brought -- bought cocaine from Lacy on the previous day because when Lacy asks Dargon about the quality of cocaine, Dargon replies, quote, "Oh, it's good. Yeah, it's good as hell. It did what it needed to do," end quote.

Later in a recorded telephone conversation with Herbert Lacy on March 3rd, 2006, Dargon, again discusses the quality of the cocaine with Lacy and orders, quote, "The same thing," unquote, but asks that it be better quality than last time.

After he receives the cocaine on March 3rd, Dargon talks to Lacy in a recorded telephone call the next day on  March 4 and tells him that, quote, "I need me another one," unquote, referring to another 125-gram quantity of cocaine.

Lacy tells him that he has, quote, "The same kind I just gave Bob," unquote, referring to Alfonso Jefferson. Later on March 4th after the cocaine delivery, Dargon calls Lacy saying, quote, "I just called to let you know that one good," unquote.

Dargon also purchased cocaine from Byron McGlown and Alfonso Jefferson in either 4.5 or 9-ounce quantities.  Dargon also supplied Eddie

>Traver with cocaine in 8-ball quantities.
>
>THE COURT: Mr. Dargon, do you understand the elements of the crime that the Government must prove if it goes to trial?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: And you heard Miss Howard-Allen explain the facts that the Government contends that it can prove at trial?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you admit those facts?
>
>MR. CRAWFORD: Judge, if we could, we disagree with a number of these facts, particularly the amounts that are alleged to have been sold to my client by Mr. Lacy. However, we do admit that Mr. Dargon was part of a conspiracy that engaged in the sale of over 500 grams of crack cocaine, and it was reasonably foreseeable by my client that he was part of that particular group.
>
>THE COURT: All right. Mr. Dargon, do you agree with the facts as stated by your attorney?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You admit those facts are true?
>
>THE DEFENDANT: Yes, sir.

(Plea hearing transcript, Dkt. #250). The Court then accepted Dargon's plea and adjudicated him guilty.

On May 8, 2008, a sentencing hearing was held during which the Court took testimony about Dargon's possession of the firearm which was found under a mattress of a bed in which he slept. Dargon's counsel acknowledged that the firearm enhancement did not affect his guideline sentence because his career offender guidelines were in excess of the

sentence called for by the firearm enhancement. Nevertheless, counsel sought to have the firearm language removed from the presentence report because of the effect it might have on his housing in the federal prison system. After hearing the witnesses, the Court ruled against Dargon and found that the firearm was in his possession and supported the enhancement.

But, because of the sentences given to his co-defendants and because of other factors in his case, including his lack of opportunity to cooperate, the Court varied downward from the guidelines. The applicable guidelines were a total offense level 34, criminal history category VI, which called for imprisonment of 262 to 327 months. The Court varied horizontally two levels to a criminal history category IV and sentenced Dargon to 210 months, the bottom of the guideline range at that level.

At the sentencing hearing, Dargon admitted to the factual accuracy of the presentence report except for possession of the firearm. Specifically, he admitted that he engaged in the sale of over 500 grams of cocaine, and chose not to dispute the quantity ascribed to him in the presentence report of 10 to 15 kilograms.

Dargon filed a direct appeal of his conviction and sentence. Stephen Crawford, sentencing counsel, was allowed to withdraw, and Thomas Ostrander was appointed to represent Dargon on appeal. Appellate counsel filed a brief with the Eleventh Circuit pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a motion to withdraw as counsel. Dargon filed a *pro se* brief in response to Ostrander's motion to withdraw. In his brief, Dargon made the following claims:

(1) he is "actually innocent" of the charge because "the evidence is insufficient to convict him of conspiracy," arguing that he had a "mere buyer/seller relationship" with one of the conspirators in the case;

(2) the District Court erred in the amount of drugs attributable to him at sentencing;

(3) the District Court erred in applying a two level enhancement for possessing a firearm in a drug offense; and

(4) the District Court erred in classifying him as a career offender pursuant to U.S.S.G. § 4B1.2.

The Eleventh Circuit affirmed the sentence in all respects. In doing so, it stated:

Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **granted**, and Dargon's conviction and sentence are **affirmed**.

*United States v. Dargon*, 315 Fed.Appx. 219 (11th Cir. 2009) (emphasis in original).

Dargon raises the same claims in the present § 2255 petition that he raised on direct appeal with the Eleventh Circuit. It is somewhat confusing because the first issue on appeal, that he is "actually innocent," is divided into claims one and two in his petition to this Court. Further, his third appellate issue concerning possession of a firearm is omitted entirely from his motion, but the argument is included in his supporting memorandum. The Court will address all issues, and do so in the sequence in which they appear in the motion. Lastly, the Court will discuss the firearm issue contained in the memorandum. Those claims are:

(1) ineffective assistance of counsel in allowing Petitioner to plead guilty when he is "actually innocent" of the offense;

(2) ineffective assistance of counsel in allowing Defendant to plead guilty without being informed that drug type and quantity are elements;

(3) ineffective assistance of counsel in failing to object to the "false and unreliable drug quantity" that was attributed to him for sentencing purposes;

(4) ineffective assistance of counsel in failing to object to the use of a non-qualifying state criminal conviction to trigger the career criminal enhancement; and

(5) ineffective assistance of counsel for failing to argue that the firearm found in his residence had no nexus to the drug crime with which he was charged.

## **DISCUSSION**

The Court first addresses the effect of the prior Eleventh Circuit opinion on this petition. In its response, the Government points out that the issues Dargon raises in this petition are the same as those that he lost on direct appeal to the Eleventh Circuit. Dargon disagrees, saying:

> The Petitioner brings to the Court's attention that the Government's assertions that he has raised the claims presented in his § 2255 motion on direct appeal is (sic) false and misleading. Here, the Petitioner's claims are all raised under the guise of ineffective assistance of counsel.

Petitioner's reply brief, p.2 (Dkt. #7).

The fallacy in Dargon's argument, of course, is that if the underlying issue has been rejected on direct appeal, it is of no avail to raise it again in the guise of ineffective assistance of counsel. It is not ineffective assistance of counsel to fail to do something which the appellate court has determined to be without merit. Here, the Eleventh Circuit has already ruled that the evidence was sufficient to convict Dargon of conspiracy, there was no error in the amount of drugs attributed to him, there was no error in applying a two level enhancement for possession of a firearm, and he was appropriately classified as a career offender.

Even though Petitioner is unable to raise these same issues again in a collateral attack, the Court will address each claim for the purpose of explaining to Petitioner how his claims are refuted by the record.

**Claim One:**    Ineffective assistance of counsel in allowing Petitioner to plead guilty when he is "actually innocent" of the offense.

Dargon argues that he only recently learned that a buyer/seller relationship cannot, alone, establish a conspiracy. He maintains that neither the Court nor his counsel informed him of this. Dargon further claims he never had an agreement with the defendant Lacy nor any of the others charged in the indictment to possess with intent to distribute more than 500 grams of cocaine.

Petitioner specifically admitted at his guilty plea hearing that the Government could prove the elements necessary to support a conviction of the crime charged, including the names of his co-conspirators. And at sentencing, he admitted the facts contained in the

presentence report which specifically described a conspiracy of which he was a member. He will not now be heard to claim to the contrary.

Therefore, this claim fails.

**Claim Two:** Ineffective assistance of counsel in allowing Defendant to plead guilty without being informed that drug type and quantity are elements.

In support of this claim, Petitioner contends "he would have never entered the guilty plea to the drug offense if he had been informed that drug type and quantity were elements of the drug offense and had to be proven beyond a reasonable doubt and would determine his minimum and maximum sentence, and would have exercised his right to trial." Petitioner's memorandum, p.2 (Dkt. #2).

This claim is belied by the transcript of the guilty plea hearing. Dargon was specifically told the elements of the offense charged and that, if he chose to go to trial, those elements would have to be proven to a jury beyond a reasonable doubt. He was also told what facts the Government claimed it could prove at trial beyond a reasonable doubt, including what evidence the Government had as to quantity of drugs. Dargon acknowledged that he still wanted to plead guilty and did so.

In his argument, Dargon contends it was error for the prosecutor, not the Court, to state the elements of the offense charged. This argument is meritless. The requirement is that a defendant be given this information at sentencing, and there is nothing wrong with the prosecutor providing that information and the Court ensuring that the defendant understands it. Therefore, this claim fails.

**Claim Three:**     Ineffective assistance of counsel in failing to object to the "false and unreliable drug quantity" that was attributed to him for sentencing purposes.

In support of this claim, Dargon argues that his counsel was ineffective for failing to object to the "false and unreliable drug quantity" that was attributed to him for sentencing purposes. To the contrary, at sentencing, Dargon admitted the specific quantity ascribed to him in the presentence report. He will not now be heard to claim that that quantity was not factually correct. And his counsel cannot be ineffective for failing to argue against a weight to which Dargon admitted.

Therefore, this claim fails.

**Claim Four:**     Ineffective assistance of counsel in failing to object to the use of a non-qualifying state criminal conviction to trigger the career criminal enhancement.

In support of this claim, Dargon argues that his prior conviction for possession of cocaine with intent to sell was not a qualifying prior conviction to trigger the career criminal enhancement of the sentencing guidelines. He argues that the State of Florida is not allowed to use this offense to support its habitual offender statute. But here we are concerned with the career offender enhancement under the Federal Sentencing Guidelines, not the State of Florida habitual offender statute. U.S.S.G. § 4B1.1(a) provides that a defendant is a career offender if the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.2(b) defines the term "controlled substance offense" to include an offense under state law, punishable by imprisonment for a

term exceeding one year, that prohibits the possession of a controlled substance with intent to distribute.

In his brief, Dargon acknowledges that his state offense was for the possession of a controlled substance with the intent to sell or deliver. Whether such an offense supports a state law designation as an habitual offender has no bearing on whether the offense qualifies under the Federal Sentencing Guidelines for the career offender enhancement. It specifically meets the clear definition in the sentencing guidelines. Therefore, this claim has no merit and fails.

**Claim Five:**     Ineffective assistance of counsel for failing to argue that the firearm found in his residence had no nexus to the drug crime with which he was charged.

In support of this claim, Dargon argues that his counsel was ineffective for failing to argue that the firearm found in his residence had no nexus to the drug crime for which he was charged. Dargon acknowledges, as he must, that his sentencing counsel did make an extensive argument concerning the gun possession enhancement:

> The Petitioner's attorney did make the objection that the firearm had nothing to do with the drug dealing the Petitioner may have been involved in, given the fact that the Petitioner left the residence to meet the Defendant Herbert Lacy to purchase drugs. See, sentencing trans. at pg, 11. Counsel failed to further litigate the issue on appeal after sentencing.

Petitioner's brief in support of § 2255 motion, p. 20 (Dkt. #2).

Contrary to Dargon's contention, his sentencing counsel did specifically argue the lack of a nexus between the gun and drug dealing. At page 11 of the sentencing transcript (Dkt. #251), sentencing counsel argued:

> Judge, it's our position that the evidence in front of the Court indicates that there was a gun at the residence but had absolutely nothing to do with the drug dealing. The Government's case is that my client would speak on the telephone to Mr. Herbert Lacy and would go out and meet him either to pick up the drugs or Mr. Lacy would meet him at some other location, never at the house that we're aware of.
>
> So, there's a very tenuous, if any, connection between this house and the drug dealing, and then even more of a tenuous connection between this gun and Mr. Dargon.

In spite of counsel's argument, the Court denied the objection. It is not ineffective assistance of counsel to lose an argument. If the Court ruled incorrectly, it is an issue for direct appeal and Petitioner raised this issue on appeal and lost. Therefore, this claim fails.

## CONCLUSION

All of the claims raised by Petitioner are without merit and fail. It is therefore

ORDERED AND ADJUDGED that:

1.   Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1) is DENIED.

2.   The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.   The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#288, in the underlying criminal case, case number 8:06-cr-349-T-30MAP.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on September 29, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-1192.deny 2255.wpd